**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-1082 |
| Plaintiff - Appellee, | D.C. No. 1:19-cr-00233-DCN-2 |
| v. | |
| ROBERT BENJAMIN MAHAN II, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted February 7, 2025[**]
Portland, Oregon

Before: BEA, KOH, and SUNG, Circuit Judges.

Defendant Robert Benjamin Mahan II appeals from the district court's order

denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

We have jurisdiction under 28 U.S.C. § 1291, and we review a denial of a motion

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for compassionate release for abuse of discretion. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (per curiam). We affirm.

The defendant-movant bears the burden to establish eligibility for a sentence reduction. *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022). A district court may properly deny a motion for compassionate release by relying on the § 3553(a) sentencing factors. *Id.* at 947. It has no obligation to explain every § 3553(a) factor; it need address only a defendant's "specific, nonfrivolous argument[s] tethered to a relevant § 3553(a) factor." *Id.* at 949 (quoting *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc)).

Mahan argues, *inter alia*, that the district court abused its discretion because the district court did not consider all the information provided by Mahan when it evaluated the relevant sentencing factors under 18 U.S.C. § 3553(a). We disagree. Here, the district court identified the relevant § 3553(a) factors and noted that Mahan relied on his sentencing memorandum when arguing that the § 3553(a) factors supported compassionate release. The district court correctly noted that "Mahan's arguments were tailored toward his receipt of a lighter sentence—not his receipt of compassionate release." Accordingly, the district court did not abuse its discretion by declining to rely on Mahan's sentencing memorandum.

Additionally, Mahan argued in the district court that the § 3553(a) factors favored a sentence reduction because of his good behavior and engagement with

programming while incarcerated. The district court applauded such behavior, but found that it was not enough on its own to favor a sentence reduction. Because Mahan provided no other arguments that the § 3553(a) factors supported a sentence reduction, it was not illogical, implausible, or without support from the record to conclude that, without more, Mahan did not meet his burden to establish that the § 3553(a) factors warranted a sentence reduction. *See Wright*, 46 F.4th at 951.

**AFFIRMED.**